DONALD WILSON, SR., SHIRLEY WILSON, and BARBARA J. DANIELS, Appellants,
v.
STATE OF DELAWARE ADULT PROTECTIVE SERVICES, DIVISION OF DEVELOPMENTAL DISABILITIES SERVICES, KRISTOPHER STARR, ESQUIRE, and NANCY DRUMHELLER, Appellees.
No. 358, 2007.
Supreme Court of Delaware.
Submitted: November 5, 2007.
Decided: December 14, 2007.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 14th day of December 2007, upon consideration of the opening brief and the appellees' motions to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) Appellants Donald Wilson, Sr., Shirley Wilson, and Barbara J. Daniels have filed an appeal from the Court of Chancery's June 11, 2007 decision and order, which established permanent guardianship of the person and property of Donald Wilson, Jr. ("Donald"), the Wilsons' son and Daniels' cousin. Donald is a 58 year-old developmentally disabled and blind person. Appellees State of Delaware Adult Protective Services ("APS"), Division of Developmental Disabilities Services ("DDS"), Kristopher Starr, Esquire, and Nancy Drumheller have moved to affirm the judgment of the Court of Chancery on the ground that it is manifest on the face of the opening briefs that the appeal is without merit. We agree and affirm.[1]
(2) The record reflects that, in September 2005, following an investigation by APS, Donald was removed from his parents' care and placed with an adult foster care provider by DDS. In March 2006, the parents agreed to the appointment of Donald's sister, Nancy Drumheller, and Daniels, as co-guardians. Unfortunately, the co-guardians were unable to agree regarding Donald's care and housing. As a result, on December 11, 2006, the Office of the Public Guardian ("OPG") was appointed Donald's interim guardian. Also, Kristopher Starr, Esquire, was appointed Donald's attorney ad litem.
(3) Ultimately, Daniels moved for appointment as Donald's sole guardian and APS moved for appointment of the OPG as Donald's permanent guardian, with his current foster care placement to continue. Trial took place on April 12, 2007. Daniels failed to appear. APS moved for entry of default judgment against Daniels. Rather than summarily grant the motion and appoint the OPG as Donald's permanent guardian, the Court of Chancery in its discretion took the motion under advisement and proceeded to hear evidence concerning Donald's placement. On June 20, 2007, the Court of Chancery entered default judgment against Daniels, dismissed her guardianship petition, and appointed the OPG Donald's permanent guardian. The Court of Chancery explained the grounds for its decision in a 40-page memorandum opinion.
(4) In this appeal, Daniels makes a number of claims, which may fairly be summarized as follows: a) the Court of Chancery improperly refused her request to continue the trial; b) Donald's foster care provider is not properly licensed and caused Donald's condition to deteriorate; c) Donald's parents should not have consented to the OPG as the interim guardian; d) there were lies told at the trial that were not challenged; and e) she received inadequate information about Donald's care by the foster care provider.
(5) Assuming that Daniels' first claim is properly before us, we conclude that it is without merit. The record reflects that Daniels engaged in disrespectful and abusive behavior towards the court and counsel throughout this litigation. Despite being granted several extensions, she filed incomplete and insulting responses to discovery requests. Despite being granted her request to participate by telephone, Daniels failed to appear for the pretrial conference. Her request for a continuance of the trial on the ground of illness came on the day before trial was to begin and was inadequately documented. Given the history of Daniels' behavior, as well as the probability of prejudice to the other parties, we conclude that it was well within the discretion of the Court of Chancery to deny Daniels' request to continue the trial.[2]
(6) Daniels' remaining claims relate to the substantive issues underlying the Court of Chancery's appointment of the OPG as Donald's permanent guardian. However, Daniels has never sought to open the default judgment entered against her in the Court of Chancery[3] and, moreover, simply ignores the issue of the default judgment in her opening brief. As such, Daniels has waived the issue of the default judgment in these proceedings and her attempt to argue the substantive matters determined at the hearing are unavailing.[4] Nevertheless, because the Court of Chancery allowed the trial to proceed and made detailed findings regarding Donald's placement, we have reviewed those findings in the interest of justice and completeness of the record.
(7) In reviewing a decision of the Court of Chancery, this Court has the duty to review the sufficiency of the evidence and test the propriety of the findings below.[5] We will affirm the decision of the Court of Chancery if its findings are sufficiently supported by the record and are the product of an orderly and logical reasoning process.[6] In guardianship matters, the Court of Chancery must act in the best interest of the disabled person.[7] This means that the Court of Chancery must attempt to replicate the decisions that the disabled person himself would make under identical circumstances if he did not suffer from the diminished capacity giving rise to the guardianship.[8]
(8) We have reviewed the nearly 300-page transcript of the April 12, 2007 guardianship hearing in the Court of Chancery and the Court of Chancery's well-reasoned and thoughtful June 11, 2007 memorandum opinion. The Court of Chancery's determination that the appointment of the OPG as Donald's permanent guardian is in Donald's best interest is amply supported by the testimony presented at the hearing and is the product of an orderly and logical reasoning process. We, therefore, affirm the decision of the Court of Chancery.
(9) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the appellees' motions to affirm are GRANTED. The judgment of the Court of Chancery is AFFIRMED.[9]
NOTES
[1] The record reflects that the Wilsons were not parties to the proceedings in the Court of Chancery. As such, they do not have standing to participate in this appeal. Bryan v. Doar, 918 A.2d 1086, 1089 (Del. 2006). We, therefore, have considered only Daniels' opening brief.
[2] Hicks v. State, 434 A.2d 377, 381 (Del. 1981).
[3] Battaglia v. Wilmington Savings Fund Society, 379 A.2d 1132, 1135 (Del. 1977).
[4] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993).
[5] Levitt v. Bouvier, 287 A.2d 671, 673 (Del. 1972).
[6] Id.
[7] In re Gordy, 658 A.2d 613, 618 (Del. Ch. 1994); Del. Code Ann. tit. 12, § 3901(e).
[8] Id.
[9] The Wilsons filed a motion to have Donald returned to them pending this appeal. Because they lack standing in this matter, the Court has not considered their motion. Bryan v. Doar, 918 A.2d 1086, 1089 (Del. 2006).