Christopher BRYAN, Creditor Trustee
for Ingersoll International, Inc.,
Appellant,

v.

John DOAR and Dieter Feisel,
Defendants Below,
Appellees.

No. 469, 2006.

Supreme Court of Delaware.

Submitted: Oct. 27, 2006.
Decided: Nov. 6, 2006.
Reargument Denied Nov. 22, 2006.

David E. Wilks (argued) and Thad J. Bracegirdle, Reed Smith, Wilmington, DE, for appellant.

Donald J. Wolfe, Jr., Michael A. Pittenger (argued), and Berton W. Ashman, Jr., Potter Anderson & Corroon, Wilmington, DE, for appellees.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

HOLLAND, Justice.

██ This Court directed the sole appellant, Christopher Bryan, Creditor Trustee (the "Trustee") for Ingersoll International, Inc. ("Ingersoll"), to show cause why this appeal should not be dismissed by reason of the fact the Trustee was never a party to the underlying action in the Court of Chancery. The Trustee argues that he has standing to appeal because he has an interest in the outcome of the litigation. The Trustee acknowledges, however, that Delaware follows the general rule that "[a] mere interest in the outcome of litigation will not suffice to confer standing upon a nonparty." [1] The Trustee also argues that he has standing to appeal because he "appeared in the action below and asserted his rights in opposition to the defendants' motion to dismiss." It is well-established, however, that "mere participation in the proceedings below will not suffice to confer standing upon a nonparty." [2]

1. *Microsystems Software, Inc. v. Scandinavia Online AB,* 226 F.3d 35, 42 (1st Cir.2000).

2. *Id.*

■ Under Delaware law, "a nonparty has no standing to take a direct appeal or an interlocutory appeal to [the Delaware Supreme Court]."[3] The United States Supreme Court has described as "well settled" the rule that only parties to a civil action are permitted to appeal from a final judgment.[4] It is not contested that the Trustee was not named as a party in the Court of Chancery, nor that the Trustee did not seek substitution, joinder or intervention. Accordingly, we hold that the Trustee has no right to appeal from the final judgment that was entered by the Court of Chancery.

## Procedural History

On December 12, 2000, Lori Ingersoll Gaylord, Lisa March Gaylord and Kimberly Ingersoll Gaylord (the "Original Plaintiffs" or the "Gaylords") filed a complaint with the Court of Chancery against members of the board of directors of Ingersoll International, Inc. ("Ingersoll" or the "Company"). The original complaint sought injunctive and monetary relief for the individual defendants' alleged breaches of fiduciary duty in connection with a sale of the Company's assets and the defendants' failure to secure a valid vote of Ingersoll's shareholders in favor of that transaction.

The action in the Court of Chancery proceeded sporadically for the next two and one-half years, in part because the attorney for the Original Plaintiffs changed several times. On April 22, 2003, shortly after the Original Plaintiffs retained their third attorney, Ingersoll filed a petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court").

The action in the Court of Chancery was automatically stayed pursuant to the United States Bankruptcy Code.

On October 4, 2005, the second Amended Joint Plan of Liquidation of Ingersoll International, Inc. and Certain of Its Subsidiaries (the "Joint Plan") became operational. Among other things, the Joint Plan gave effect to a settlement agreement which transferred the initial right and obligation to prosecute this action and others from the Original Plaintiffs to the Creditor Trustee of Ingersoll and its Affiliated Debtors (the "Creditor Trustee"). The Joint Plan provided for certain assets of Ingersoll, including the claims in this litigation, to be transferred to the Creditor Trust of Ingersoll, Inc. and its Affiliated Debtors (the "Creditor Trust").

## Bankruptcy Stay Lifted

The stay of this litigation was lifted after the Joint Plan became effective. As a result, "the creditor trustee was empowered to prosecute the lawsuit." If, for any reason and at any time, the Creditor Trust chose not to prosecute this litigation, however, the Joint Plan provided that the Gaylords had a right to take over its prosecution.

After the Joint Plan was confirmed by the Bankruptcy Court on September 8, 2005, the defendants' September 15, 2005 status letter advised the Court of Chancery that "[they had] not yet been informed whether the creditors trust' or the Robert Gaylord family [would] elect to prosecute this action." In a January 20, 2006 status letter, the defendants informed the Court of Chancery that:

---

3. *Townsend v. Griffith*, 570 A.2d 1157, 1158 (Del.1990).

4. *See Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) (per curiam) (citation omitted); *see also United States v.*

*LTV Corp.*, 241 U.S.App.D.C. 58, 746 F.2d 51, 53 (D.C.Cir.1984) ("It has long been settled that one who is not a party to a record and judgment is not entitled to appeal therefrom.") (internal quotations omitted).

the bankruptcy counsel who represented the Gaylord family (the Plaintiffs in this action) in connection with the Illinois bankruptcy proceedings has been retained to represent the trust established pursuant to the Plan of Liquidation. Although the stay of this litigation apparently was lifted in early October, we have not yet been advised whether the trust or the Gaylord family intends to continue to prosecute this litigation.

Neither the Gaylords nor the Creditor Trust contacted the Court of Chancery.

### Trustee Abjures Substitution

On May 11, 2006, the defendants filed a Motion to Dismiss for Failure to Prosecute. On May 16, 2006, an attorney entered his appearance on behalf of the Original Plaintiffs. Although the same attorney also represented the Trustee, no action was taken to add or substitute the Creditor Trust as a party in the Court of Chancery.

In correspondence dated May 17, 2006, counsel for defendants advised the attorney who had entered his appearance on behalf of "plaintiffs," that substitution of the Trustee for Ingersoll appeared to be appropriate. The defendants agreed not to oppose a motion for substitution, so long as it was in acceptable form and comported with the terms of the Joint Plan. In correspondence dated May 27, 2006, the attorney who had entered his appearance for the Original Plaintiffs, and who also represented the Trustee, indicated he needed further time to discuss and evaluate the issues raised by a substitution.

The record reflects that the Trustee never sought to be substituted or joined as a party. When the procedural posture resulting from the Trustee's failure to seek to be substituted or joined as a party was raised in the Court of Chancery, the attor-

ney who represented both the Original Plaintiffs and the Trustee responded that a decision had been made to proceed under *Chancery Court Rule 25(c)* which provides that "in case of any transfer of interest, the action may be continued by or against the original party, unless the Court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." [5] Accordingly, this action continued to be prosecuted in the Court of Chancery by the Original Plaintiffs (the Gaylords), notwithstanding the prosecution authority of the Trustee that was conferred by Ingersoll's Joint Plan.

### Dismissal Motion Granted

In opposing the motion to dismiss, the attorney for the Original Plaintiffs argued that the Trustee had only had seven months to evaluate the case. Therefore, the attorney argued that any prior delays by the Original Plaintiffs should not defeat the Trustee's interest in having a trial on the merits. The efforts by the Trustee in the Court of Chancery to separate himself from the prior inaction and delays by the Original Plaintiffs was in obvious conflict with the tactical decision of the Trustee not to become a party and to have his attorney, who had only entered his appearance on behalf of the Original Plaintiffs, continue prosecution of the action "by . . . the original party" under *Rule 25(c)*.

The Court of Chancery concluded that the failure of either the Original Plaintiffs or the Trustee to prosecute the action (or even to contact the court or opposing counsel) for seven months after confirmation of the Joint Plan was unreasonable and prejudicial in view of the Original Plaintiffs' prior history of causing delays. The Court of Chancery noted that the Original Plaintiffs and the Trustee were acting in con-

**5.** *Del. Ch. Ct. R. 25(c).*

cert with the same attorney and that "the Gaylords aren't out of this." The Court of Chancery granted the defendants' Motion to Dismiss for Failure to Prosecute.

## Nonparty Trustee Appeals

In an apparent effort to disassociate himself from the Original Plaintiffs, the Trustee made the strategic decision to pursue this appeal in his own name and on his own behalf. On the day after the Trustee's appeal was filed, counsel for the defendants/appellees pointed out in their response to the Motion to Expedite that the Trustee had appealed in his own name but had not been a party in the Court of Chancery. Accordingly, the Trustee then had the opportunity to dismiss his appeal voluntarily and to cause his counsel, who also serves as counsel for the Original Plaintiffs, to commence a timely appeal by the Gaylords. The Trustee chose not to do so.

## Nonparty Lacks Appellate Standing

The Trustee acknowledges that, in Delaware, a nonparty generally has no standing to take an appeal. The Trustee argues, however, that this Court should follow certain federal precedents that permit an appeal by a nonparty who has "an interest that is affected by the trial court's judgment." [6] While the federal courts have recognized exceptions to the general rule that a nonparty has no standing to appeal "[b]y and large, the [United States] Supreme Court has been inhospitable to these endeavors." [7] For example, the Second Circuit "suggested in dictum that there were several exceptions to the rule that only parties may appeal from an adverse judgment." [8] Although the United States Supreme Court affirmed the decision, it added the following cautionary language:

> The Court of Appeals suggested that there may be exceptions to this general rule, primarily "when the nonparty has an interest that is affected by the trial court's judgment." We think the better practice is for such a nonparty to seek intervention for purposes of appeal[.] [9]

In this case, the Trustee could have filed a motion for intervention or substitution. Since the Trustee could have been substituted for the Original Plaintiffs (the Gaylords) under *Rule 25(c)*, even the federal exceptions to the general rule that prohibits a nonparty from appealing are inapplicable. The First Circuit's opinion in *Microsystems Software* is didactic:

> We believe that this message is reasonably clear. While there is an exception to the "only a party may appeal" rule that allows a nonparty to appeal the denial of a motion to intervene, the situation differs when intervention is readily available. In that event, courts are powerless to extend a right of appeal to a nonparty who abjures intervention.

> \*    \*    \*    \*    \*    \*

> [The appellants] made a strategic choice not to intervene in the proceedings. By intervening ... the appellants could have become parties, entitled to both that status's benefit (including the right to appeal an unfavorable judgment) and its burdens.

> In our view, the decision to forgo intervention works a forfeiture of any claim to appellate standing.[10]

---

6. *Hispanic Soc'y of the N.Y. City Police Dep't v. N.Y. City Police Dep't*, 806 F.2d 1147, 1152 (2d Cir.1986).

7. *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 40 (1st Cir.2000).

8. *Id.* (discussing *Hispanic Soc'y of the N.Y. City Police Dep't v. N.Y. City Police Dep't*, 806 F.2d 1147, 1152 (2d Cir.1986)).

9. *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) (citation omitted).

10. *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d at 40, 42.

██ The First Circuit's rationale is equally applicable to a nonparty who abjures substitution.

### Nonparty Trustee Appeal Dismissed

The procedural history of this case demonstrates that the Trustee had the opportunity to move for substitution or intervention as a party in the Court of Chancery. In fact, the Trustee was encouraged to do so by the defendants. Nevertheless, the attorney for the Original Plaintiffs, who is also the Trustee's counsel, argued forcefully that the Trustee did not have to become a party to the action.

██ The Trustee and his attorney made the strategic decision not to move for substitution and, instead, to continue prosecution of the action in the Court of Chancery solely on behalf of the Original Plaintiffs, the Gaylords. That strategic choice results in a forfeiture of any claim that Trustee has to appellate standing.[11] As the First Circuit explained in *Microsystems*, "[t]hose who aspire to litigate issues cannot have it both ways...."[12] The Trustee cannot decline to achieve party status in the Court of Chancery "and still expect to be treated as [a] part[y] for the purpose of testing the validity of an ensuing decree."[13]

### Conclusion

This appeal must be dismissed for lack of standing on the part of the Trustee to pursue an appeal from a final judgment of the Court of Chancery in an action as to which the Trustee made a strategic decision not to become a party by either substitution or intervention.

---

11. See *Microsystems, Inc. v. Scandinavia Online AB*, 226 F.3d at 41 (holding that "a strategic choice not to intervene" in lower court proceedings "works a forfeiture of any claim to appellate standing.").

12. *Id.*

13. *Id.* (footnote omitted).