PARFI HOLDING AB and PLENTEOUS CORP.,[1] Plaintiffs Below, Appellants,
v.
MIRROR IMAGE INTERNET, INC., XCELERA.COM, INC., ALEXANDER M. VIK, GUSTAV VIK and HANS MAGNUS FAJERSON, Defendants Below, Appellees.
No. 518, 2008
Supreme Court of Delaware.
Submitted: December 12, 2008
Decided: January 12, 2009
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice
This 12th day of January 2009, it appears to the Court that:
(1) On October 14, 2008, Mr. Atle Lygren, filed a pro se notice of appeal from the Court of Chancery's opinion of September 4, 2008 and order dated September 11, 2008[2] that dismissed the plaintiffs' claims in this long-standing derivative action.[3] Lygren was not a party to the underlying derivative action; he was, however, identified as the representative of Plenteous Corporation. Lygren's pro se notice of appeal named, as appellants, plaintiffs-below Parfi Holding AB and Plenteous Corporation ("the appellants").
(2) In Delaware, a corporation can act before a court only through an agent duly licensed to practice law.[4] With this in mind, the Clerk, by letter dated October 15, 2008, directed Lygren, who is not a lawyer, to have counsel enter an appearance on behalf of the appellants. The Clerk advised Lygren that counsel must enter an appearance on or before October 27, 2008 in default of which a notice to show cause would issue. Lygren responded by letter dated October 21, 2008 advising the Clerk that "the issue of representation by counsel ha[d] not been resolved yet."
(3) On November 2, 2008, Lygren filed a "motion for substitution of plaintiff-below appellants." Based on the appellants' purported assignment to him of "all rights identified and stipulated," Lygren sought to "intervene for the purposes of appeal and stand substituted for Plenteous and Parfi." The defendants-below/appellees oppose the motion and seek dismissal of Lygren's appeal.
(4) Having carefully considered the procedural history of this case and the respective positions of Lygren and the appellees, the Court concludes that Lygren's "motion for substitution of plaintiff-below appellants" must be denied. First, Lygren's failure to intervene in the Court of Chancery "works a forfeiture of any claim to appellate standing."[5] Second, on the face of it, the purported assignment to Lygren of the appellants' claims appears to be a transparent attempt by Lygren to circumvent the Court's directive that the appellants obtain counsel. Lygren's efforts to sidestep the Court's order "demonstrate the underlying purpose of the rule prohibiting the appearance of a corporation by anyone other than a member of the Bar of this Court."[6]
(5) Finally, the Court notes that on November 3, 2008, the Clerk issued a notice directing that Lygren show cause why this appeal should not be dismissed for his failure to have counsel enter an appearance on behalf of the appellants by October 27, 2008, as directed by the Clerk's letter of October 15, 2008. It appears that Lygren received the notice to show cause on December 1, 2008; however, he has not filed a response to the notice, and counsel has not entered an appearance on behalf of the appellants. Under these circumstances, Lygren's failure to respond to the Clerk's notice is deemed to be his consent to the dismissal of this appeal.[7]
NOW, THEREFORE, IT IS HEREBY ORDERED that the "motion for substitution of plaintiff-below appellants" is DENIED, and this appeal is DISMISSED pursuant to Supreme Court Rules 3(b)(2) and 29(b).
NOTES
[1] The Court has sua sponte corrected the caption to reflect the parties on appeal as set forth in the professed appellant's pro se notice of appeal.
[2] The September 4 opinion, as effectuated by the September 11 order, dismissed plaintiffs' derivative claims (i) "pursuant to the Court's inherent authority to address misconduct in the litigation process"; (ii) "on the alternative ground that plaintiffs lack standing to assert such claims"; and (iii) "on the alternative ground that Plaintiffs are inadequate derivative plaintiffs." Moreover, the Court of Chancery ordered that plaintiffs pay to defendants the sum of $33,529.75 in attorney's fees and expenses and denied plaintiffs' motion to lift stay. Parfi Holding AB v. Mirror Image Internet, Inc., 2008 WL 4110698 (Del. Ch.).
[3] Parfi Holding AB v. Mirror Image Internet, Inc., 926 A.2d 1071 (Del. 2007); Parfi Holding AB v. Mirror Image Internet, Inc., 817 A.2d 149 (Del. 2002).
[4] Transpolymer Indus., Inc. v. Chapel Main Corp., 1990 WL 168276 (Del. Supr.).
[5] Bryan v. Doar, 918 A.2d 1086, 1089 (Del. 2006).
[6] Transpolymer Indus., Inc. v. Chapel Main Corp., 1990 WL 168276, at *1 (Del. Supr.).
[7] Del. Supr. Ct. R. 29(b).