IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WORLD AWARD FOUNDATION INC., AMER GROUP LLC, AN BANG GROUP LLC, and AB STABLE GROUP LLC, | § § § § § | No. 250, 2020 |
| | § § | Court Below: Court of Chancery of the State of Delaware |
| Plaintiffs Below, Appellants, | § § § | |
| | § § | C.A. No. 2019-0605-JTL |
| v. | § § | |
| ANBANG INSURANCE GROUP CO. LTD., CBIRC, and BEIJING GREAT HUA BANG INVESTMENT GROUP CO. LTD., | § § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: October 6, 2020
Decided: October 15, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### **O R D E R**

(1)    Andy Bang filed a *pro se* notice of appeal in this matter. Because all of the appellants are entities, on August 7, 2020, the Clerk of the Court directed the appellants to have counsel enter an appearance by August 21, 2020 or a notice to show cause would issue. On September 24, 2020, Mr. Bang submitted a request for an extension, which the Court denied.

(2)    On September 25, 2020, the Senior Court Clerk issued a notice to show cause as to why the appeal should not be dismissed for failure of counsel to appear

for the entity appellants. In response to the notice to show cause,[1] Mr. Bang states that he owns 100% of the "shares of common stock[]" of appellant An Bang Group LLC and 5.1% of the "shares of common stock[]" of appellants Amer Group LLC and AB Stable Group LLC. He also states that he is a director of appellants World Award Foundation Inc. and An Bang Group LLC. He states that he has exhaustively, but unsuccessfully, attempted to retain counsel to represent the appellants in this appeal. He contends that the outcome of the litigation substantially impacts his individual rights, and that he therefore should be permitted to participate in the appeal on his own behalf or to proceed on the appellants' behalf.

(3) We conclude that the action must be dismissed. In Delaware, a corporation or other entity "can act before a court only through an agent duly licensed to practice law."[2] Moreover, under Delaware law, a nonparty does not have

---

[1] Mr. Bang separately filed two documents, neither of which bears the appeal number of this appeal from the Court of Chancery, but rather of a separate appeal, 244, 2020, that Mr. Bang filed from the Superior Court. Because the documents refer to the "underlying appeals" and to proceedings in both the Superior Court and the Court of Chancery, we infer that Mr. Bang intended the documents to respond to the notices to show cause issued in both appeals.

[2] *Parfi Holding AB v. Mirror Image Internet, Inc.*, 2009 WL 189862, at *1 (Del. Jan. 12, 2009). *See also Transpolymer Indus., Inc. v. Chapel Main Corp.*, 1990 WL 168276, at *1 (Del. Sept. 18, 1990) ("A corporation, though a legally recognized entity, is regarded as an artificial or fictional entity, and not a natural person. While a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law." (citation omitted)); *Evergreen Waste Servs. v. Unemployment Ins. Appeal Bd.*, 2011 WL 2601600 (Del. June 30, 2011) ("[T]his Court may not entertain an appeal by a corporation where the corporation is not represented by counsel."); *Ivize of Milwaukee, LLC v. Complex Litigation Support, LLC*, 2009 WL 3720673 (Del. Nov. 6, 2009) (applying rule to limited liability companies); *Harris v. RHH Partners, LP*, 2009 WL 891810 (Del. Ch. Apr. 3, 2009) (applying rule to limited partnership in litigation brought by the limited partnership's sole limited partner).

standing to take an appeal to this Court, and a "mere interest in the outcome of litigation will not suffice to confer standing on a nonparty."[3] Therefore, Mr. Bang's failure to intervene in the Court of Chancery "works a forfeiture of any claim to appellate standing."[4]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *Bryan v. Doar*, 918 A.2d 1086, 1086-87 (Del. 2006) (internal quotation omitted).
[4] *Parfi*, 2009 WL 189862, at *1 (internal quotation omitted).