## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WORLD AWARD FOUNDATION INC., AMER GROUP LLC, AN BANG GROUP LLC, and AB STABLE GROUP LLC, | § § § § § | No. 254, 2020 |
| | § § | Court Below: Court of Chancery of the State of Delaware |
| Plaintiffs Below, Appellants, | § § § | |
| | § | C.A. No. 2019-0605-JTL |
| v. | § § | |
| ANBANG INSURANCE GROUP CO. LTD., CBIRC, and BEIJING GREAT HUA BANG INVESTMENT GROUP CO. LTD., | § § § § § | |
| Defendants Below, Appellees. | § § § | |

Submitted: October 9, 2020
Decided: October 26, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## O R D E R

(1)     Yan Zhao filed a *pro se* notice of appeal in this matter.  Because all of the appellants are entities, on August 7, 2020, the Clerk of the Court directed the appellants to have counsel enter an appearance by August 21, 2020 or a notice to show cause would issue.  On August 21, 2020, Mr. Zhao submitted a motion for additional time to procure Delaware counsel; the deadline was extended to September 23, 2020.  On September 23, 2020, Mr. Zhao submitted an additional request for an extension, which the Court denied.

(2)     On September 25, 2020, the Senior Court Clerk issued a notice to show cause as to why the appeal should not be dismissed for failure of counsel to appear for the entity appellants.  In response to the notice to show cause, Mr. Zhao states that he is a director of appellants World Award Foundation Inc. and An Bang Group LLC.  He also states that he is a director of, and owns 5.1% of the "shares of common stock[]" of, appellants Amer Group LLC and AB Stable Group LLC.  He states that he has exhaustively, but unsuccessfully, attempted to retain counsel to represent the appellants in this appeal.  He contends that the outcome of the litigation substantially impacts his individual rights, and that he therefore should be permitted to participate in the appeal on his own behalf or to proceed on the appellants' behalf.

(3)     We conclude that the action must be dismissed.  In Delaware, a corporation or other entity "can act before a court only through an agent duly licensed to practice law."[1]  Moreover, under Delaware law, a nonparty does not have standing to take an appeal to this Court, and a "mere interest in the outcome of

---

[1] *Parfi Holding AB v. Mirror Image Internet, Inc.*, 2009 WL 189862, at *1 (Del. Jan. 12, 2009). *See also Transpolymer Indus., Inc. v. Chapel Main Corp.*, 1990 WL 168276, at *1 (Del. Sept. 18, 1990) ("A corporation, though a legally recognized entity, is regarded as an artificial or fictional entity, and not a natural person.  While a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law." (citation omitted)); *Evergreen Waste Servs. v. Unemployment Ins. Appeal Bd.*, 2011 WL 2601600 (Del. June 30, 2011) ("[T]his Court may not entertain an appeal by a corporation where the corporation is not represented by counsel."); *Ivize of Milwaukee, LLC v. Complex Litigation Support, LLC*, 2009 WL 3720673 (Del. Nov. 6, 2009) (applying rule to limited liability companies); *Harris v. RHH Partners, LP*, 2009 WL 891810 (Del. Ch. Apr. 3, 2009) (applying rule to limited partnership in litigation brought by the limited partnership's sole limited partner).

litigation will not suffice to confer standing on a nonparty."[2]  Therefore, Mr. Zhao's failure to intervene in the Superior Court "works a forfeiture of any claim to appellate standing."[3]

(4)     Mr. Zhao also filed two documents entitled "Appellant's Rule 58 Motion for Emergency Relief to Allow Appellants to Avail Legal Representation from Out-of-State Counsels Under Exist[e]nce of Major Disaster" and "Appellant's Motion []for Declaratory Relief by the Honorable Court to Determine and Declare Exist[e]nce of Major Disaster."  In these documents, Mr. Zhao requests that, in light of the COVID-19 pandemic, the Court permit the appellants to proceed in this appeal represented by attorneys admitted to practice in New York or the District of Columbia and not in Delaware.

(5)     The request is denied.  Rule 58 sets forth certain circumstances under which, in the event that a major disaster causes an emergency that affects the justice system, attorneys admitted in other jurisdictions and not in Delaware may provide legal services in Delaware on a temporary basis.  The rule requires that the legal services be provided "on a pro bono basis without compensation, expectation of compensation or other direct or indirect pecuniary gain to the lawyer" and "assigned and supervised through an established not-for-profit bar association, pro bono

---

[2] *Bryan v. Doar*, 918 A.2d 1086, 1086-87 (Del. 2006) (internal quotation omitted).
[3] *Parfi*, 2009 WL 189862, at *1 (internal quotation omitted).

3

program or legal services program or through such organization(s) specifically designated by this Court." Mr. Zhao has not provided any information suggesting that these requirements are met in this case; to the contrary, in his response to the notice to show cause, he asserts that the appellants have billions of dollars of assets.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED. The request to proceed without representation by Delaware counsel is denied.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

4