IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENT COUNTY, a political subdivision of the State of Delaware, and KENT COUNTY LEVY COURT, the governing body of Kent County, | § § § § § § | No. 421, 2023 <br><br> Court Below: Superior Court of the State of Delaware |
| Defendants Below, Appellants, | § § § | C.A. No. N23C-03-196 |
| v. | § § § | |
| CITIZENS AGAINST SOLAR POLLUTION, a Delaware unincorporated nonprofit association, DONALD LEE GOLDSBOROUGH, TRUSTEE UNDER REVOCABLE TRUST AGREEMENT OF DONALD LEE GOLDSBOROUGH DATED 12/22/10, and KELLIE ELAINE GOLDSBOROUGH, TRUSTEE UNDER REVOCABLE TRUST AGREEMENT OF KELLIE ELAINE GOLDSBOROUGH DATED 12/22/10, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs Below, Appellees. | § | |

Submitted: November 20, 2023
Decided: January 10, 2024

Before **VALIHURA, TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1)    The appellants, Kent County and Kent County Levy Court (together, the "County Defendants"), seek interlocutory review of a Superior Court order, dated October 17, 2023, that denied, in part, the County Defendants' motion to dismiss.  Specifically, the County Defendants assert that the Superior Court erred by concluding that the appellees' claim seeking *certiorari* review of the Kent County Levy Court's approval of a conditional use permit application should not be dismissed as untimely filed.

(2)    On or about January 25, 2022, the Kent County Levy Court approved a conditional use permit application filed by FPS Cedar Creek Solar, LLC (the "Permit Applicant") to construct a solar farm near property owned by members of appellee Citizens Against Solar Pollution ("CASP"), a Delaware unincorporated nonprofit association.  On March 25, 2022, CASP and others (together, the "Neighbors") filed a complaint in the Court of Chancery against the County Defendants, the Permit Applicant, and others challenging the approval of the permit and seeking preliminary and permanent injunctive relief and a declaratory judgment.  After briefing and oral argument on cross-motions for summary judgment, the Court of Chancery raised, *sua sponte*, the question of whether the court lacked subject-matter jurisdiction because a writ of *certiorari* in Superior Court would provide the Neighbors an

adequate remedy at law.[1]  Following supplemental briefing, the Court of Chancery held that it lacked jurisdiction and dismissed the complaint without prejudice to the Neighbors' right to transfer the action to the Superior Court in accordance with 10 *Del. C.* § 1902.[2]  In reaching its February 24, 2023 decision regarding subject-matter jurisdiction, the Court of Chancery adopted the reasoning of the Court of Chancery's February 2, 2023 decision in *Delta Eta Corp. v. City of Newark*.[3]

(3)     The Neighbors elected to transfer and then filed an amended complaint in the Superior Court.  The Superior Court complaint sought (i) a declaratory judgment that the approval of the conditional use permit was invalid and (ii) *certiorari* review of the approval.  The defendants moved to dismiss, arguing that the Neighbors' claim for *certiorari* review was time barred and that declaratory judgment was not available as a substitute for *certiorari* review.  The Superior Court granted the motion to dismiss as to the request for a declaratory judgment and denied it as to *certiorari*.  The court rejected the Neighbors' claim that a sixty-day statute

[1] *Citizens Against Solar Pollution v. Kent County*, C.A. No. 2022-0287, Docket Entry No. 42 (Del. Ch. Nov. 23, 2022).

[2] Citizens Against Solar Pollution v. Kent County, 2023 WL 2199646 (Del. Ch. Feb. 24, 2023).

[3] 2023 WL 2982180 (Del. Ch. Feb. 2, 2023) (dismissing complaint challenging denial of special use permit for lack of subject-matter jurisdiction because writ of *certiorari* would afford adequate remedy at law, with leave to transfer to Superior Court under 10 *Del. C.* § 1902); *see also Middlecap Assocs., LLC v. Town of Middletown*, 2023 WL 2981893 (Del. Ch. Feb. 2, 2023) (following *Delta Eta*, which was decided by the same Vice Chancellor on the same day, and dismissing complaint challenging denial of conditional use permit for lack of subject-matter jurisdiction, subject to transfer to Superior Court under 10 *Del. C.* § 1902).  The plaintiff and the government defendants in *Delta Eta* were represented by the same counsel, respectively, as the plaintiffs and the County Defendants in this case.  A different Vice Chancellor decided *Delta Eta* and *Middlecap* than decided this case.

of repose applied and held that "the time limit to file a writ of *certiorari* is thirty (30) days from the action underlying the petition, excusable only under exceptional circumstances."[4] The court determined that the Neighbors first filed their challenge to the approval of the conditional use permit fifty-eight days after the Kent County Levy Court's decision, when they filed the Court of Chancery action.[5] The court further determined that the Neighbors had not demonstrated exceptional circumstances to excuse the thirty-day time limit for filing and rejected their contention that the court should find exceptional circumstances if it determined that *Delta Eta* constituted a "radical departure" from the Court of Chancery's previous exercise of jurisdiction over the type of claim at issue.[6] The court observed that the "express language of § 1902 mandates it 'be liberally construed to permit and facilitate transfer . . . in the interests of justice,' allowing a 'course of procedure for hearing and determining the cause as justice may require.'"[7] The court concluded that "justice requires that this transferee court exercise its discretion and consider the matter"[8] and denied the motion to dismiss.

---

[4] *Citizens Against Solar Pollution v. Kent County*, 2023 WL 6884688, at *5 (Del. Super. Ct. Oct. 17, 2023) (footnotes omitted) (citing *Matter of Gunn*, 122 A.3d 1292 (Del. 2015)).

[5] *Id.* at *6.

[6] *Id.* at *7-9; *see id.* at *8 ("[Plaintiffs] now suggest exceptional circumstances are established if this Court examines those past Chancery zoning decisions and declares a radical departure. This Court cannot conduct the review as requested.").

[7] *Id.* at *11 (alteration in original; emphasis omitted). *But cf.* 10 *Del. C.* § 1902 (also stating that "[f]or the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court.").

[8] *Citizens Against Solar Pollution*, 2023 WL 6884688, at *11.

(4) The Superior Court denied the County Defendants' application for certification of an interlocutory appeal. The court held that its "statutory exercise of discretion under 10 *Del. C.* § 1902 did not determine a substantial issue of material importance."[9] The court also determined that the probable costs of an interlocutory appeal substantially outweighed the benefits of such an appeal.[10]

(5) We conclude that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[11] The Superior Court applied 10 *Del. C.* § 1902 in circumstances that do not appear to have been addressed by this Court,[12] and which have been resolved differently, or not yet resolved, in similar cases following the Court of Chancery's *Delta Eta* decision.[13] Following denial of certification, the Superior Court informed the parties that it is prepared "to issue a ruling on the writ of certiorari so that the entire matter can be reviewed on appeal."[14] In the circumstances of this case, the

[9] *Citizens Against Solar Pollution v. Kent County*, 2023 WL 8000917, at *3 (Del. Super. Ct. Nov. 17, 2023).

[10] *Id.*

[11] DEL. SUPR. CT. R. 42(d)(v).

[12] *Id.* R. 42(b)(iii)(C).

[13] *See Middlecap Assocs., LLC v. Town of Middletown*, 2023 WL 6848999 (Del. Super. Ct. Oct. 16, 2023) (holding that thirty-day time limit applies to petition for writ of *certiorari* and finding exceptional circumstances where plaintiff filed suit challenging denial of conditional use permit in the Court of Chancery thirty-three days after the challenged decision and Court of Chancery dismissed under *Delta Eta* with leave to transfer to Superior Court); *Delta Eta Corp. v. City of Newark*, N23C-03-136 (Del. Super. Ct.) (pending decision on motion to dismiss as untimely a *certiorari* matter after transfer from Court of Chancery).

[14] *Citizens Against Solar Pollution v. Kent County*, N23C-03-196, Docket Entry No. 35 (Del. Super. Ct. Nov. 21, 2023). We note that the appellees' former counsel was disbarred in November 2023, and no substitute counsel has yet entered an appearance in the Superior Court or in this

potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[15]  We therefore refuse the interlocutory appeal so that the matter may be concluded in the Superior Court and the entire matter can be reviewed in a final appeal, if a party with standing to appeal files an appeal.[16]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

Court.  Corporations and other artificial entities generally must be represented by counsel in court proceedings.  *See, e.g.*, *Parfi Holding AB v. Mirror Image Internet, Inc.*, 2009 WL 189862 (Del. Jan. 12, 2009) ("In Delaware, a corporation can act before a court only through an agent duly licensed to practice law."); *Tigani v. Director*, 2020 WL 5237278, at *3-5 (Del. Super. Ct. Sept. 2, 2020) (discussing law regarding *pro se* litigants' pursuit of claims on behalf of artificial entities), *aff'd*, 2021 WL 2310426 (Del. June 4, 2021).

[15] DEL. SUPR. CT. R. 42(b)(iii).

[16] *See generally Del. Dep't of Nat. Resources & Envtl. Control v. Food & Water Watch*, 246 A.3d 1134, 1137-40 (Del. 2021) (discussing standing to appeal and holding that appellant lacked standing to appeal because it prevailed in the Superior Court, received all the relief it requested, and the decision from which it desired to appeal did not constitute a "collateral adverse ruling").