**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MOISES MALDONADO'S MAKEOVERS,   )
                                                )

        Defendant-Below/Appellant,      )
                                                )

        v.                             )  C.A. No. N23A-11-048 KMV

                                                )

SANDRA JONES,                    )

                                                )

        Plaintiff-Below/Appellee.      )

Decided: April 8, 2025
Submitted: December 4, 2024

## ORDER

*Upon Appeal from the Decision of the Court of Common Pleas*:
**VACATED, REVERSED, and REMANDED**

Michael K. DeSantis, Anthony N. Delcollo, OFFIT KURMAN; *Counsel for Defendant-Below/Appellant*.

Sandra Jones; *Pro Se Plaintiff-Below/Appellee*.

**VAVALA, J.**

1

# I. INTRODUCTION

A building contractor appeals from the Court of Common Pleas' entry of default judgment against him in favor of a homeowner in a contractual dispute. The contractor asks this Court to vacate the default judgment, arguing that the lower court incorrectly classified his business as an "artificial entity" and erroneously concluded that the owner could not represent the business at trial. The contractor further contends the lower court failed to provide sufficient notice before entering default judgment under Court of Common Pleas Civil Rule 55.

This Court agrees that the lower court lacked a sufficient factual basis to determine that the contactor's business was an artificial entity. Accordingly, its legal conclusion that the owner could not represent the business at trial and resulting default judgment in favor of the homeowner, constitute reversible error. Given the need for reversal and remand for fact finding on the business's organizational status, the Court does not reach the issue of defective notice.

The Court of Common Pleas' entry of default judgement is hereby **VACATED.** Its decision is **REVERSED** and **REMANDED** for further proceedings to determine whether the contracting business is an artificial entity or a sole proprietorship.

2

## II. BACKGROUND

This case arises from a contractual dispute between a homeowner and a contractor over renovations to the homeowner's residence. Plaintiff-Below/Appellee Sandra Jones ("Homeowner") hired Defendant-Below/Appellant Moises Maldonado d/b/a Maldonado's Makeovers ("Contractor" or the "Business") to remodel several rooms, but the work was never completed. Homeowner claims she discharged Contractor due to substandard work and seeks contractual damages for the incomplete project. Conversely, Contractor alleges he was prevented from finishing the job by Homeowner and claims he is entitled to damages.

### A. The JP Court Action

Homeowner sued Contractor in the Justice of the Peace Court #13 ("JP Court") seeking $16,0000 in damages for alleged substandard and incomplete work.[1] Contractor counterclaimed for $2,500, the remaining balance due under the contract.[2]

In JP Court, businesses are required to complete a Form 50.[3] The Business complied, but the JP Court returned the form and fee, determining that as a sole

---

[1] Docket Item ["D.I."] 15 at 1, *Jones v. Moises Maldonado's Makeovers* (Apr. 8, 2022), C.A. No. JP13-22-004087.

[2] *Id.* at Ex. B.

[3] *Id.* at Ex. A. A Form 50 effectuates J.P. Ct. Civ. R. 91, which permits a corporation's or alternative entity's non-lawyers to represent it in JP Courts.

proprietorship, the owner could represent the Business without it.[4]  Following trial, the JP Court ruled in favor of the Business, finding Homeowner failed to substantiate the claim "because she hadn't finished paying [Contractor] for the work and then barred him from returning to the home to finish the job."[5]  The court noted an "impossibility of performance" for Contractor due to being prevented from completing the job.[6]  Yet, the JP Court also denied the Contractor's counterclaim for $2,500, citing insufficient proof of the amount owed, leaving the parties at status quo.[7]  Dissatisfied, Homeowner appealed the decision to the Court of Common Pleas.[8]

### B. The Court of Common Pleas Action

Appeals from JP Courts to the Court of Common Pleas are conducted by trial de novo, meaning the case is retried from the beginning.[9]  Below is a summary of the three proceedings in the Court of Common Pleas pertinent to the instant appeal.

---

[4] *Id.* at Ex. B, JP Court Decision ("Pretrial it was determined that [the Business] is a sole proprietorship run by [Contractor, and] a Form 50 was not necessary for him to represent himself in this action.").

[5] *Id.*

[6] *Id.* at Ex. B.

[7] D.I. 15 at Ex. B.

[8] *Id.* at 1–3, *Jones v. Moises Maldonado's Makeovers* (Oct. 25, 2022), C.A. No. CPU4-22-002472.

[9]  10 *Del. C.* § 9571(c); Ct. Com. Pl. Civ. R. 72.3.

The lower court held a pretrial scheduling conference, setting a trial date for two months later and outlining discovery and motion deadlines to the parties.[10] Both parties proceeded pro se. There was no discussion as to Contractor's ability to represent his Business at trial.[11]

A month later, the lower court held a telephonic pretrial teleconference to address Homeowner's motion to compel discovery.[12] During the conference, the court stated: "[Contractor], you are not able to represent your entity, which is being sued. And if at the time of trial you do not have an attorney, then you risk . . . a default judgment being entered against you."[13] The court emphasized the importance of Contractor needing legal representation at trial.[14]

Contractor replied that the Court of Common Pleas' Clerk's Office had advised him he could proceed pro se.[15] The court clarified that, unlike the JP Court, the Court of Common Pleas requires artificial entities to be represented by counsel.[16]

---

[10] D.I. 15, Ex. D, Sept. 19, 2023 Pretrial Scheduling Conf. Tr. ["PTSC"] at 5:10–12, 5:8–8:8.

[11] *See generally* PTSC.

[12] D.I. 15, Ex. E, Oct. 19, 2023 Pretrial Conf. Tr. ["PTC"] at 3:11–4:7.

[13] PTC at 4:2–7.

[14] *Id.* at 6:9–11 ("[W]hat I really wanted to impress upon both parties is for [Contractor] to have an attorney at the time of trial.").

[15] *Id.* at 6:21–7:1.

[16] *Id.* at 7:2–8 ("Th[e JP Court] does not have a requirement that you have an attorney; however, once an appeal was filed to this court, . . . the Court of Common Pleas does require you to have an attorney.").

The record does not indicate whether Contractor offered any affidavit or evidence regarding his business's organizational status.[17]

At trial, Contractor appeared to represent himself.[18] Noting the absence of counsel, the lower court reminded him that his business needed to be represented by a licensed attorney:

> [S]ir, the requirement under the rules is that in order for your company to be represented at the Court of Common Pleas you need to be represented by an attorney. You are not permitted to represent your company as you were at the JP Court level. So what has happened is that effectively the artificial entity which is the subject of the named defendant in this suit is without representation.[19]

With the help of an interpreter, Contractor explained that he had tried to retain counsel, but was unable to find an attorney, stating "[T]hat's why I'm here."[20] The court then invited Homeowner to move for relief based on the Business's lack of representation, and then interpreted Homeowner's request for forfeiture as a motion for default judgment.[21]

Contractor opposed the default judgement and inquired about his options, explaining through the interpreter that he had never been involved in a lawsuit or

---

[17] *See generally id.*

[18] *See generally* D.I. 15, Ex. F, Nov. 14, 2023 Trial Tr.["Trial"].

[19] Trial at 4:23–6:18.

[20] *Id.* at 5:7–10, 6:7–16, 9:13–15.

[21] *Id.* at 6:20–21, 7:11–15.

appeared in court before.[22]  Despite this, after further discussion, the court entered a default judgment in favor of Homeowner, citing the Business's failure to secure legal representation.[23]

Contractor also questioned why he was not given more time to find an attorney, to which the court responded that this had been the purpose of the earlier warning during the pretrial conference.[24]  Again, Contractor did not provide any affidavit or evidence regarding the business's organizational status, nor did the court inquire further—seemingly assuming the Business was an artificial entity.  The court advised Contractor of his right to appeal, which he subsequently exercised.[25]

### C. The Parties' Contentions on Appeal

The Business, now represented by counsel, alleges the lower court erred by not allowing a sole proprietorship to be represented by its owner, Contractor, at trial. Alternatively, it claims Contractor was prejudiced by inadequate notice to obtain counsel.  Homeowner counters that Delaware law mandates legal representation for artificial entities and asserts the Business received sufficient notice.  Homeowner maintains that the default judgment was appropriate because Contractor presented

---

[22] *Id.* at 7:20–8:7, 10:7–8.

[23] *Id.*

[24] *Id.* at 11–12.

[25] Trial at 10:2–4; D.I. 1. Briefing was completed on July 8, 2024. *See* D.I. 15, 21, 22.

himself as doing business in the state of Delaware, was advised by the Court to obtain counsel, and failed to do so. [26]

### III.    STANDARD OF REVIEW

Under 10 *Del. C.* § 1326, parties may appeal final judgments from the Court of Common Pleas to the Superior Court on the record.[27]  Here, the default judgment entered by the lower court qualifies as a final judgment because it resolved the merits of the controversy and the rights of the parties, leaving no issues for future determination[28]  The Superior Court's appellate standard of review mirrors that of the Supreme Court:—it examines whether the lower court's ruling is free of legal error and supported by evidence.[29]  Factual findings are upheld if they are backed by

---

[26] D.I. 22, Answering Br. ["AB"] at 4, 6.

[27] 10 *Del. C.* Sec. 1326(c); *see Anderson v. R.A. Midway Towing*, 905 A.2d 746, 746 (Del. 2006) (TABLE) (finding the Superior Court did not have jurisdiction to dismiss an appeal from the Court of Common Pleas which had not yet entered a final judgment in the matter).

[28] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992) (quoting *Showell Poultry, Inc. v. Delmarva Poultry Corp.,* 146 A.2d 794, 796 (Del. 1958)). Indeed, the lower court prohibited the Contractor from making any arguments on the merits of the case. Trial at 8:2–8.

[29] *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985); *Auto Equity Loans of Del., LLC v. Baird*, 2021 WL 2346132, at *2 (Del. Super. June 8, 2021) (quoting *Clifford Romain v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 1427801, at *2 (Del. Super. Dec. 2, 1999) ("This Court's function when addressing an appeal from the Court of Common Pleas is like that of the Delaware Supreme Court. The Superior Court limits its review to correcting errors of law and determining whether the trial judge's factual findings 'are adequately supported by the record and are the product of [an] orderly and logical deductive process." Legal conclusions of the trial judge are reviewed [de novo].")); *Fowler v. Pratcher Krayer, LLC*, 2020 WL 2520273, at *10 (Del. Super. May 18, 2020) (explaining same).

sufficient evidence and result from a logical and orderly deductive process.[30] Legal conclusions are reviewed de novo for errors in the formulation or application of legal precepts.[31]

## IV.    DISCUSSION

The issue before this Court is whether the Court of Common Pleas erred in granting default judgment for Homeowner due to the Business's lack of legal representation at trial. To resolve this, the Court must first assess whether there was sufficient evidence for the lower court to find the Business was an artificial entity and whether the applicable rules and law were correctly formulated and applied.

In the Court's view, the lower court correctly understood the rules and laws regarding artificial entities, but its factual finding that the Business was an artificial entity was not supported by the evidence. Thus, remand for further fact-finding on this issue is warranted.

---

[30] *See Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244, 248 (Del. 2009) ("Factual findings of the Court of Common Pleas that are supported by the record will be upheld even if, acting independently, the Superior Court would have reached a contrary result."); *Zhang v. Jack Lingo Inc. Realtor*, 2024 WL 3791646, at *1 (Del. Super. Aug. 13, 2024) (citing *Rufus v. Ramsey*, 2004 WL 838612, at *1 (Del. Super. Apr. 13, 2004)) (explaining same); *Adele v. Clifton*, 2022 WL 17494808, at *5 (Del. Super. Dec. 7, 2022) (citing *Coverdale v. Witcher*, 2022 WL 1438772, at *4 (Del. Super. May 4, 2022) (same).

[31] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1285 (Del. 2008).

## A. Delaware Law Regarding Representation of Artificial Entities

Delaware law distinguishes the representation requirements for business organizations in court. An artificial entity must be represented by counsel, while a sole proprietorship may be represented by its owner.

In *Transpolymer Industries, Inc. v. Chapel Main Corp.*, the Delaware Supreme Court addressed non-lawyer representation for artificial entities.[32] There, the Court issued a show cause order because the corporation failed to appear with an attorney licensed in Delaware. The decision clarified that a corporation, as an artificial entity, cannot represent itself in court and must act through a licensed attorney.[33] Although the case was dismissed on other grounds, the Court underscored that only natural persons may represent themselves without legal counsel.[34]

Since 1995, Supreme Court Rule 57 has guided artificial entities and pro se litigants in civil actions before JP Courts.[35] Rule 57 mandates that artificial entities

---

[32] 582 A.2d 936 (Del. 1990) (TABLE).

[33] *Transpolymer*, 582 A.2d 936 (TABLE).

[34] *Id.* (citing 8 *Del. C.* § 510).

[35] Supr. Ct. R. 57. *See also* Ct. Com. Pl. Civ. R. 91 ("Civil actions may be prosecuted and/or defended in the Justice of the Peace Court by an officer or employee of a party which is an artificial entity or public body, who need not be an attorney licensed to practice law in Delaware, if the officer or employee (with the authorization of the artificial entity or public body) has filed a Certificate or Representation with the Chief Magistrate and complied with the other provisions of Supreme Court Rule 57. An annual registration fee of $15 must accompany the Certificate of Representation filed with the Chief Magistrate.").

must be represented by legal counsel.[36] An "artificial person" is an "entity, such as a corporation, created by law and given certain legal rights and duties of a human being[.]"[37] Similarly, an "artificial entity" includes those under 6 *Del. C.* § 371, such as persons, firms and unincorporated associations doing business in Delaware, which are required to file a trade name certificate with the Prothonotary's Office.

A year after Rule 57 was enacted, the Superior Court tackled whether an artificial entity could be represented by a non-lawyer in *Gibson v. North Delaware Realty Company Stoneybrook Townhomes*.[38] The court explained that Rule 57 aims to expand representation options for companies in small claims cases.[39] Specifically, Rule 57(b) allows artificial entities to authorize officers or employees to represent them in civil actions before JP Courts. The policy behind Rule 57 is to alleviate the high costs of legal representation for smaller corporations and individuals in small claims courts.[40] Notably, this non-lawyer representation is limited to JP Courts.[41]

---

[36] Supr. Ct. R. 57; *see also Stalana, LLC v. Halmagyi*, 2017 WL 384686, at *3 (Del. CCP Jan. 27, 2017) (citing *Biddles Constr., LLC v. Seeley*, 2016 WL 61262451, at *2 (Del. Super. Oct. 19, 2016) ("In Delaware, a corporation or limited liability company must be represented by counsel in the Court of Common Pleas.")).

[37] *Artificial Person*, Black's Law Dictionary (12th ed. 2024).

[38] 1996 WL 659480, at *1–2 (Del. Super. Aug. 20, 1996).

[39] *Gibson*, 1996 WL 659480, at *3.

[40] *Id.*

[41] *Id.* at *3 n.2.

11

In the 2004 case *Belfint, Lyons & Shuman, P.A. v. Pevar*, the Delaware Supreme Court examined whether a trial judge must raise the issue of non-lawyer representation for a company.[42]  There, the appellant cited *Transpolymer* arguing that the trial judge should have halted proceedings upon realizing the appellee was not a member of the Delaware Bar, rendering any judgment void.[43] The Court clarified that while a corporation must be represented by counsel, there is no duty on the trial judge to ensure proper representation.[44]  Thus, the Court affirmed the trial court's ruling, finding no excusable neglect and deeming *Transpolymer* inapplicable.[45]

Since Rule 57 became effective, Delaware courts have consistently prohibited corporate entities from being represented by non-lawyers, except in JP Courts.[46]

---

[42] 862 A.2d 385 (Del. 2004) (TABLE).

[43] *Belfint*, 862 A.2d at 385 (TABLE) (citing Super. Ct. Civ. R. 41(e)).

[44] *Id.*

[45] *Id.*

[46] *World Award Found. Inc. v. Anbang Ins. Gp. Co.*, 241 A.3d 217 (Del. 2020) (TABLE) (first quoting *Parfi Hldg. AB v. Mirror Image Internet, Inc.*, 966 A.2d 348 (Del. 2009) (TABLE); then citing *Transpolymer*, 582 A.2d 936 (TABLE); then citing *Evergreen Waste Servs. V. Unemployment Ins. Appeal Bd.*, 2011 WL 2601600 (Del. June 30, 2011); then citing *Ivize of Milwaukee, LLC v. Complex Litig. Support, LLC*, 2009 WL 3720673 (Del. Nov. 6, 2009); and then citing *Harris v. RHH P'rs, LP*, 2009 WL 891810 (Del. Ch. Apr. 3, 2009) (dismissing an appeal because "[i]n Delaware, a corporation or other entity "can act before a court only through an agent duly licensed to practice law")); *Mott v. Bank of N.Y. Mellon*, 220 A.3d 245 (Del. 2019) (TABLE) (explaining that other than only limited circumstances, [(Rule 57)] a corporation or other business entity may proceed in the Delaware courts only through a duly-licensed attorney"); *Parfi*, 966 A.2d 348 (TABLE) (quoting *Transpolymer*, 582 A.2d 936 (TABLE) (dismissing an appeal where the appellant

12

Conversely, the owner of a sole proprietorship may represent his company at trial. This distinction exists because, unlike a corporation, a sole proprietorship has no legal separation between the business and its owner.[47] Thus, the owner acts in a personal capacity rather than a representative one.[48] While corporate or artificial entities must appear in court through licensed counsel, a sole proprietorship can proceed pro se because it is legally identical to its owner.[49] Consistent with this

---

"'demonstrate[d] the underlying purpose of the rule prohibiting the appearance of a corporation by anyone other than a member of the Bar of th[e Supreme] Court'")); *Infante Enters., Inc. v. Del. Health & Social Servs., Div. of Public Health*, 888 A.2d 231 (Del. 2005) (TABLE) (dismissing an appeal for the corporation's failure to appear "only through an agent duly licensed to practice law"); *Barker Enters., Inc. v. Del. Dep't of Labor, Div. of Unemployment Ins. Appeals Board*, 2015 WL 2091276, at *1 n.4 (Del. Super. Apr. 22, 2015) (dismissing an appeal because the "representative of the corporate entity [wa]s not an attorney"); *Harris v. RHH P'rs, LP*, 2009 WL 891810, at *2 (Del. Ch. Apr. 3, 2009) (citing *Spanish Tiles, Ltd. V. Hensey*, 2009 WL 86609, at *1 (Del. Super. Jan. 7, 2009) (dismissing claims brought by a sole limited partner in a limited partnership against the sole general partner, a corporation, because neither party secure counsel as required by Delaware law)).

[47] *Harner v. Westfield Ins. Co.*, 2018 WL 6721765, at *3 (Del. Super. Dec. 12, 2018) (citing *Harleysville Mut. Ins. Co. v. Grzbowski*, 2002 WL 1859193, at *2 (Del. Super. 2002)); *Mehan v. Travelers Ins. Co.*, 1986 WL 15416, at *2 (Del. Super. Dec. 30, 1986), *aff'd*, 529 A.2d 772 (1987) ("A sole proprietorship does not exist as a legal entity separate from its owner.")); *see also Del Collo v. Houston*, 1986 WL 5841 (Del. Super. May 7, 1986) (citations omitted) ("[W]here a sole proprietor purchases an insurance policy under his trade name, the trade name is equated with the proprietor's name, making the proprietor an insured.").

[48] *United States v. Doe*, 465 U.S. 605, 608 (1984) (citing *Bellis v. United States*, 417 U.S. 85 (1974)).

[49] Jay M. Zitter, Annotation, *Propriety and effect of corporation's appearance pro se through agent who is not attorney*, 8 A.L.R. 5th 653 (1992) (first citing *Maersk Line A/S v. Carew*, 588 F. Supp. 3d 493 (S.D.N.Y. 2022); and then citing *Tristrata Tech., Inc. v. Med. Skin Therapy Rsch., Inc.*, 270 F.R.D. 161, 77 (D. Del. 2010)).

13

view, the Court of Common Pleas has consistently allowed sole proprietorships to be represented by their individual owners.[50]

This factual distinction is crucial in the instant case, as it was the sole basis for the lower court's entry of default judgment against Business.

### B. The lower court's finding that the Business was an artificial entity is not supported by the record.

Default judgments are disfavored in Delaware and courts should exercise caution before their entry by adhering to the policy of resolving cases on their merits.[51] Mindful of that approach, this Court reluctantly concludes that the record lacks sufficient evidence to support the lower court's finding that the Business was an artificial entity and entry of default judgment on that basis.

Operating under a fictitious name does not preclude a business from being a sole proprietorship.[52] A sole proprietor may do business under a trade name or fictitious name. While registration of the name is advisable, failure to do so typically

---

[50] *See Katz v. Disorb Sys., Inc.*, 2019 WL 3322408, at *1 (Del. Super. 2019); *Gemmill v. James McMillion & Son*, 2009 WL 3134827, at *1 (Del. Com. Pl. Sept. 21, 2009) (dispute between homeowner and contractor); *Miller v. Herschamnn, Inc.*, 2007 WL 4577373, at *1 (Del. Super. Dec. 12, 2007).

[51] *Apartment Cmtys. Corp. v. Martinelli*, 859 A.2d 67, 69 (Del. 2004).

[52] *See, e.g., Harleysville Mut. Ins. Co.*, 2002 1859193, at *2 (Del. Super. Aug. 9, 2002) (finding a business entity doing business under trade name equated with the proprietor's name was a sole proprietorship); *Batchelor v. Alexis Props., LLC*, 2018 WL 5919683 (Del. Super. Nov. 13, 2028) (noting a sole proprietor of a dance studio operating under a fictitious name had standing to bring suit).

14

results in a fine and does not alter the business's organizational status. Rather, to determine whether a business is a sole proprietorship or an artificial entity, the Court must conduct a fact-sensitive inquiry. Relevant factors include whether a business is a separate legal entity from its owner, how income taxes are filed and paid, whether the business's assets are owned by one person or many, and whether the owner can be held personally liable for the business's debts.[53]

Here, the Court of Common Pleas correctly stated that artificial entities must be represented by counsel; but it erred in finding Business was an artificial entity. Contractor's briefs offer evidence regarding the Business's organizational status: it is not registered as a Delaware corporation, clients pay Contractor directly, there is no separate bank account, and the name is but a trade name for Contractor's personal activities.[54] It is unclear whether these facts were considered by the lower court, but they should have been. If Business has no distinct legal existence from Contractor and no claims are separate from those against him personally, it is likely a sole proprietorship.[55] And a sole proprietorship would not require representation by a licensed attorney to proceed in the Court of Common Pleas.

---

[53] *Harleysville,* 2002 1859193, at *2 (finding a sole proprietorship was not a distinct legal entity); *Poore v. Fox Hollow,* 1994 WL 150872, at *2 (Del. Super. Mar. 29, 1994) (finding certain aspects of the LLC at issue constituted an artificial entity under Delaware law).

[54] D.I. 15 at 8.

[55] *Shulman v. Facebook.com (Inc.)*, 788 F. App'x 882, 882 (3d Cir. 2019) (citing *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008)).

Unfortunately, this Court cannot discern from the record whether Business was, in fact, an artificial entity. While Contractor should have presented this evidence, even as a pro se litigant with an interpreter, he raised concerns that warranted further inquiry by the court. Further, although discretionary, it is unclear why the court would not grant a brief continuance to a pro se litigant, given the inconsistent advice from the Clerk's Office, instead of opting for a case-dispositive action not based on the merits.[56]

Because the record lacks substantial evidence to support the lower court's factual finding; the case must be remanded for further fact-finding on whether Business was a sole proprietorship or artificial entity. And because the lower court's default judgment is predicated upon that unsupported factual finding, its legal conclusion that the owner could not represent Business at trial constituted an abuse of discretion.

---

[56] *See Stalana, LLC v. Halmagyi*, 2017 WL 384686, at *4 (Del. Com. Jan. 27, 2017) (when an LLC owned and operated by a sole proprietor was advised by the CCP Clerk's Office it did not require legal counsel, the court held: "When the facts indicate there were efforts by a litigant to comply, and through no-fault of their own are misguided, fundamental fairness requires the Court to balance the relative equities to achieve the prevailing policy that disputes should be resolved on their merits. . . . This confusion should not lead to a denial of a litigant's right to have their day in Court. To be barred on such a technical violation is fundamentally unreasonable and unfair.").

## III.    CONCLUSION

This Court finds the Court of Common Pleas erred in entering a default judgment against the Business for lack of trial counsel.  The issue of whether appropriate notice under Rule 55(a)(2) was provided is a close one, but this Court declines to address it further, as the decision is reversed on other grounds.[57]

Accordingly, the Court of Common Pleas' default judgement for Homeowner is **VACATED**, and that decision is hereby **REVERSED and REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　/s/ *Kathleen M. Vavala*
　　　　　　　　　　　　　　The Honorable Kathleen M. Vavala

---

[57] Ct. Com. Pl. Civ. R 55(b)(2) ("If the party against whom judgment by default is sought has appeared in the action, the party . . .  shall be served with *written notice* of the application for judgment at least 3 days prior to the hearing on such application.").