IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COLLECTABLE SPORTS ASSETS, LLC, | § § § § § § § § § § § § | No. 304, 2025 |
| | | Court Below: Court of Chancery of the State of Delaware |
| Defendant Below, Appellant, | | |
| v. | | C.A. No. 2024-1130 |
| JUSTIN CORNETT, | | |
| Plaintiff Below, Appellee. | | |

## <u>ORDER</u>

This 30th day of September 2025, it appears to the Court that:

(1) On July 11, 2025, counsel for Collectable Sports Assets, LLC ("Collectable") filed a notice of appeal on Collectable's behalf and moved to withdraw as counsel. The Court granted the motion to withdraw on July 31, 2025. The Court's order granting the motion to withdraw stated that, "[u]nder Delaware law, a business entity 'can act before a court only through an agent duly licensed to practice law.'"[1] The order further stated that "[i]f new counsel does not enter an appearance for Collectable Sports Assets, LLC by August 15, 2025, the Clerk's office shall issue a notice to show cause why the appeal should not be dismissed."[2]

---

[1] Docket Entry No. 5 (Del. July 31, 2025) (quoting *Parfi Holding AB v. Mirror Image Internet, Inc.*, 2009 WL 189862, at *1 (Del. Jan. 12, 2009)).

[2] *Id.*

(2)     On August 18, 2025, the Chief Deputy Clerk issued by certified mail a notice to show cause why the appeal should not be dismissed because new counsel had not entered an appearance.  On September 2, 2025, the postal service returned the certified mail to the Clerk's office as undeliverable.  On September 15, 2025, the Clerk's office reissued the notice to show cause by first-class mail.  The appellant having failed to respond to the notice to show cause, and no counsel having entered an appearance for Collectable as directed in the Court's July 31 order, dismissal of the appeal is deemed to be unopposed.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[3] *See* DEL. SUPR. CT. R. 29(b) ("The Court may order a complaint, petition or appeal dismissed, *sua sponte*, upon notice of the Court.  Dismissal upon notice may be ordered for . . . failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate. . . .  If a response is not filed within the time allowed, the dismissal shall be deemed to be consented to pursuant to Rule 3(b)(2). . . ."); *id.* R. 3(b)(2) (stating that a "party is deemed to have consented to the termination of the case when the party fails to respond timely (a) this Court's notice to show cause why the appeal should not be dismissed, or (b) a direction of this Court requiring the party to take action by a fixed date"); *see also Evergreen Waste Servs. v. Unemployment Ins. Appeal Bd.*, 2011 WL 2601600, at *1 (Del. June 30, 2011) ("[T]his Court may not entertain an appeal by a corporation where the corporation is not represented by counsel."); *Ivize of Milwaukee, LLC v. Complex Litig. Support, LLC*, 2009 WL 3720673 (Del. Nov. 6, 2009) (applying rule to limited liability companies and dismissing appeal).